### BRINSON *v.* EXLEY.

1. Under the peculiar facts of the present case, the charge to the effect that in determining the question of agency the jury should look to all the past conduct of the defendant was misleading and confusing in its tendency.
2. The fact that the defendant assumed to act as the agent of the plaintiff, if in fact there was no agency, would not entitle the plaintiff to recover in an action of deceit.
3. In an action of deceit based entirely upon the contention that the relation of principal and agent existed between the plaintiff and the defendant, it was error to charge the jury that if there were confidential relations between the parties other than that of principal and agent, and the defendant violated the confidence reposed in him, to the damage of the plaintiff, the latter would be entitled to recover.
4. While we are not prepared to hold that it was erroneous, as an expression of opinion, for the court, in stating the contentions of the parties, to charge that " the plaintiff : . has sued . . to recover damages on account of loss

he sustained by the deceitful conduct of his agent, the defendant," the language used was not as guarded as it should have been.

Argued December 15, 1904.—Decided January 30, 1905.

Action of deceit.　　Before Judge Bower.　　City court of Bainbridge.　　June 28, 1904.

*T. S. Hawes* and *A. G. Powell,* for plaintiff in error.
*Donalson & Donalson,* contra.

CANDLER, J.　Exley lived in Effingham county, and owned a lot of land in Decatur county.　Brinson had formerly been his agent to look after the land and return it for taxes; and according to the allegations of the petition, his agency continued until the time of the transaction out of which this suit arose.　Exley alleges that Brinson, as his agent, was offered $500 for the land; that he concealed the fact of this offer from him, and, by false and deceitful representations as to the value of the land, persuaded him to sell it to one Smith for $200; and that Smith immediately afterwards sold it for $750, dividing with Brinson the profit thereby derived.　He further alleges that the sale to Smith, which was induced by Brinson, was part of a fraudulent scheme to persuade him to sell the land at far less than its real value, so that it might be resold at a large profit; and he sues Brinson as his agent for $550, the difference between the amount Smith received for the land and what he paid for it.　In his answer Brinson denies that he was ever the agent of Exley, except to return the land for taxes; and avers that this was done merely as a matter of accommodation. He avers that he wrote to Exley and asked him what he would take for the land; and that Exley replied that he would sell it to him or anybody else for $200; that acting upon this letter he bargained the lot of land to Smith for $200, subject to the approval of Exley; and that thereupon Exley voluntarily made a deed to the land to Smith.　He denies that he made any false representations to Exley, or that he received any benefit whatever from the transaction.　On the vital question of agency the evidence at the trial was somewhat in conflict, as was also the case in regard to other issues involved.　The jury found for the plaintiff the full amount sued for.　The defendant moved for a new trial, which was refused, and he excepted.

1. Error is assigned upon the following charge of the court: "In determining the question as to whether he was the agent, look to the testimony, to all of the past conduct of the defendant Mr. Brinson, as to what communications passed between them, between the plaintiff and the defendant, that has been put in evidence here before you." In view of the evidence introduced on the trial, and of the peculiar circumstances of this case, we are of the opinion that this charge, if not erroneous, was at least confusing in its tendency. Brinson admitted having formerly acted as agent for Exley, but contended that whatever agency once existed had terminated several years before the sale of this land, and that in this particular transaction he was in no sense Exley's agent. If this evidence was to be believed, it is clear that the jury would not be authorized to consider "all of the past conduct of the defendant" in determining whether he was, at the time under investigation, the agent of the plaintiff.

2. Complaint is likewise made of the following charge: "He should act in the matter in perfect good faith towards that principal, if he was his agent; and it would make no difference whether he was the general agent of Exley for a long time ago, or whether he assumed, at the time of the sale, this relation; if he assumed to act as his agent at the time the sale was gotten up, he would be just as much his agent as if he had been his agent all the time." The gist of an action like the present is the confidential relation of principal and agent. The right of action rests upon the confidence which a principal is bound to repose in his agent in regard to matters peculiarly within the knowledge of the agent and not known to the principal. If, therefore, one assumes to act as the agent of another when he is not in fact his agent, the other can not hold him liable in an action of deceit; for there is absent that essential element of confidence abused. For this reason the charge just quoted is also error.

3. The court further erroneously charged the jury that they might look to the evidence to see if, regardless of the question of agency, such confidential relations had been established between the parties as led Exley to trust Brinson in regard to the land, and Brinson had violated that confidence to the damage of Exley; and that if they so found, their verdict should be for the plaintiff. The plaintiff's petition was grounded upon the theory that Brinson

was his agent and ipso facto bound to divulge any information that he might possess in regard to the subject-matter of the agency. There were no allegations that any confidential relations existed between the parties other than were brought about by the alleged agency; and it was error to give to the jury a charge not warranted by the pleadings.

4. The court charged the jury as follows: "Gentlemen of the jury, the plaintiff, Mr. Exley, has sued Mr. Brinson to recover damages on account of loss he sustained by the deceitful conduct of his agent, the defendant, S. Brinson." It is alleged that this charge was erroneous as containing an expression of opinion as to the two vital questions at issue, viz., agency and deceit. It is apparent that the judge was merely stating the contentions of the parties in giving this charge; and while this statement was somewhat unhappily expressed, we are not prepared to say that it was sufficiently so to require the grant of à new trial.

The remaining grounds of the motion for a new trial complain of various charges of the court, and of the failure to charge certain legal principles which it is contended were pertinent. While some of the language used in the charges complained of was not altogether apt, we are not prepared to say that any of the grounds except those already noted disclose error of sufficient importance to require the grant of a new trial. There does not appear to have been any written request to charge, the failure to give which is alleged to have been error; therefore such "failure" will not be held error. *Judgment reversed. All the Justices concur.*